IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFERY WAYNE COOKSEY,** | § | |
| | § | |
| **V.** | § | A-06-CA-515-SS |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 12); and Petitioner's response thereto (Document 14). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 27th Judicial District Court of Lampasas County, Texas, in cause number 7672. On September 9, 2005, Petitioner entered a <u>nolo contendere</u> plea to the first-degree felony offense of manufacture of a controlled substance. Petitioner was subsequently sentenced to 10 years in prison.

Petitioner did not appeal his conviction. He did, however, file a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied it on April 12, 2006. Ex parte Cooksey, Appl. No. 64,397-01.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    His plea was involuntary;

2.    His trial counsel rendered ineffective assistance because she failed to file a motion for an independent examination of the evidence and failed to interview the co-defendants as witnesses; and

3.    Evidence was tampered with because, during testing, one sample was broken into three separate specimens, resulting in misleading evidence.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

The Fifth Circuit has held that, because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when state habeas relief is denied without an opinion. Schaetzle v. Cockrell, 343 F.3d 440, 443 (5th Cir. 2003) (citing Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001), cert. denied, 535 U.S. 982, 122 S. Ct. 1463 (2002); Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by 2254(d) to review only a state court's 'decision,' and not

the written opinion explaining that decision."), cert. denied, 537 U.S. 1104, 123 S. Ct. 963 (2003)). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Involuntary Plea**

Petitioner argues his conviction was obtained by a plea of guilty which was unlawfully induced. Petitioner asserts his attorney informed him that there was no way he would win at trial. Counsel also allegedly told Petitioner if he did not plead guilty, he would be sentenced to at least 30 years, and the prosecutor was proceeding with the case because Lampasas County was a pro prosecution county.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973) (referring to McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441 (1970)). The law relating to guilty pleas applies to pleas of nolo contendere. Matthew v. Johnson, 201 F.3d 353, 360 n. 9 (5th Cir. 2000)(citing Carter v. Collins, 918 F.2d 1198, 1200 n. 1 (5th Cir. 1990)).

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the courses of action open to the defendant. Matthew, 201 F.3d at 364 (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366 (1985)). When a court assesses the validity

of a guilty plea it looks to all of the relevant circumstances surrounding it. Matthew, 201 F.3d at 364-365 (citing Brady v. United States, 397 U.S. 742, 749, 90 S. Ct. 1463, 1469 (1970)).

A defendant pleading guilty must be competent and must have notice of the nature of the charges against him. The plea must be entered voluntarily and not be the product of actual or threatened physical harm or mental coercion overbearing the will of the defendant. Nor can the plea be the result of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. Matthews, 201 F .3d at 365 (citing Henderson v. Morgan, 426 U.S. 637, 645 n. 13, 96 S. Ct. 2253 (1976); Smith v. O'Grady, 312 U.S. 329, 334, 61 S. Ct. 572 (1941); Brady, 397 U.S. at 750, 90 S. Ct. 1463 and Machibroda v. United States, 368 U.S. 487, 493, 82 S. Ct. 510 (1962)). In addition, the defendant must understand the consequences of his plea, including the nature of the constitutional protection he is waiving. Matthew, 210 F.3d at 365 (citing Henderson, 426 U.S. at 645, n. 13, 96 S. Ct. 2253; Brady, 397 U.S. at 755, 90 S. Ct. 1463 and Machibroda, 368 U.S. at 493, 82 S. Ct. 510). Finally, the defendant must have available the advice of competent counsel which acts as a safeguard to ensure that pleas are voluntarily and intelligently made. Matthew, 210 F.3d at 365 (citing Tollett, 411 U.S. at 267-688, 93 S. Ct. 1602 (1973); Brady, 397 U.S. at 756, 90 S. Ct. 1463; McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441 (1970)).

Petitioner argues he did not enter into his plea agreement voluntarily, but rather as the result of coercion. The state court records reflect Petitioner was charged with the manufacture of a controlled substance, namely methamphetamine, in the amount of four grams or more but less than 200 grams. The sentencing range for such crime was five to 99 years or life and a fine up to $10,000.00. Any recommendation by Petitioner's attorney to accept a 10-year sentence when faced

with a possible conviction and a maximum life sentence is better characterized as advice, rather than coercion. Petitioner simply has not presented this Court with any credible evidence establishing that his plea was coerced. Moreover, the record demonstrates Petitioner was admonished by the trial court as to the consequences of his plea, including the range of punishment and the maximum fine for the offense charged. See Respondent's Exhibit A at 3, 6, 8. In addition, he signed written plea admonishments waiving his right to jury trial, cross-examination of witnesses, and stating under oath that he had not been coerced into making his plea; rather his plea was freely and voluntarily made. See Respondent's Exhibit A at 5, 6. Petitioner further signed a "Judicial Stipulation," stating "I intelligently and voluntarily waive my right to remain silent and do hereby in open Court, make the following judicial stipulation and agree and stipulate that these facts are true and correct and may constitute the evidence in this case: On or about January 1, 2005, in Lampasas County, Texas, I, being the identical person named as the defendant in the indictment in this case, did: Then and there knowingly manufacture, by production, preparation, compounding, conversion and processing, a controlled substance, namely Methamphetamine, in an amount four grams or more but less than 200 grams." "Solemn declarations in open court carry a strong presumption of verity," and Petitioner has not overcome them. Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977).

      Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**C.     Ineffective Assistance of Counsel**

Petitioner also argues he received ineffective assistance of counsel in that counsel failed to file a motion for an independent examination of the evidence and failed to interview the co-defendants as witnesses. Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). In the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). "[O]nce a guilty plea has been entered, all non-jurisdictional defects in the proceedings against a defendant are waived. This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied sub. nom, Smith v. McKaskle, 466 U.S. 906, 104 S. Ct. 1685 (1984). As Petitioner's claims asserting ineffective assistance of counsel do not relate to the voluntariness of his plea, they have been waived.

**C.     Falsified Evidence**

Petitioner asserts he requested his attorney to get an explanation from the crime lab regarding "Exhibit 4." Exhibit 4 was a glass jar, containing a cloudy, liquid substance. Petitioner asserts Exhibit 4 was a one-gallon capacity jar that was almost full. Petitioner contends further scientific testing was needed to show the accuracy of the alleged substances.

According to Petitioner's counsel, a crime lab supervisor explained the tests performed on this particular bottle. See Attachments to Petitioner's Application. The lab supervisor allegedly stated at the time the bottle was submitted to the lab the cloudy liquid had separated into two liquid

layers and a third layer of sediment was at the bottom of the jar.  Id.  The first layer was allegedly poured off, not disturbing the second layer.  Id.  The first layer allegedly weighed 30 grams and tested negative for amphetamines, barbiturates, hallucinogens and narcotics.  Id.  The second layer was allegedly siphoned off, not disturbing the sediment on the bottom.  Id.  The second layer allegedly weighed 28.63 grams and tested positive for methamphetamine.  Id.  The sediment allegedly weighed 6.51 grams and tested positive for methamphetamine.  Id.  Petitioner suggests the measurements are not accurate, because there are 28.35 grams in one ounce and 128 ounces in a gallon of liquid.  This is obviously much greater than the 65.14 grams measured by the lab.

Respondent analyzed this claim as a sufficiency of the evidence claim.  Petitioner appears to object to the construction of such claim.  He states he believes someone altered the laboratory report to "ensure a higher degree of felony."  Petitioner continues that he was induced by a misrepresentation of the facts of the evidence, and he was "tricked" into signing a plea for a first degree felony.  As explained above, Petitioner has failed to establish his guilty plea was involuntary, unintelligent or unknowing.  As such, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14 day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE